# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>REVOLUTIONARY PRODUCTIONS INC.,<br><br>Defendant. | Case No. 1:24-cv-01001 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 15, 23) |

On August 21, 2024, Plaintiff Great American Insurance Company filed this action for declaratory relief alleging that it has no duty to defend or indemnify Defendant Revolutionary Productions Inc., a California corporation also known as Sum of Us Festival. Revolutionary Productions had tendered a claim to Plaintiff, arising out of an incident at its 2023 Sum of Us Festival at which third party festival attendee, Natalie Noghrey, sustained injuries. (Doc. 1.) As the magistrate judge accurately summarized, Plaintiff's Complaint describes the Ms. Noghrey's underlying claim as follows:

> According to Plaintiff's complaint, Noghrey was drinking alcohol on the evening of September 15, 2023 while attending the Festival. (Compl. ¶ 20.) The Festival furnished some of the alcohol Noghrey consumed. (*Id*. at ¶ 25.) Plaintiff provides three receipts for alcohol purchases allegedly made by Noghrey between 8:22 p.m. and 11:46 p.m., each identifying Defendant as the retailer. (*Id*. at ¶ 26; ECF No. 1-4 at 2-5.) Plaintiff alleges the liquor license for the event was nontransferable and issued to the Social Influence Foundation. (Compl. ¶ 25.) The bartenders on the night of the incident entered

1

> into separate written Volunteer Agreements for the Festival with Defendant whereby they agreed to provide services in exchange for free or discounted entry into the Festival. (*Id*. at ¶¶ 25, 26; ECF No. 1-3 at 1-13.)
>
> Plaintiff alleges that Defendant paid the bartenders their bartending tips from the Festival. (Compl. ¶ 26.) As the evening progressed, Festival organizers and staff determined that Noghrey was excessively intoxicated and that she needed to be taken back to her campsite. (Compl. ¶ 22.) When Festival organizer, Nadia Eker, and employee, Iris Triska, attempted to walk Noghrey in the direction of her campsite, Eker and Triska identified a golf cart being driven by employee, Jess Weiner. (*Id*.) Weiner was transporting another attendee to the medical area. (*Id*.) Eker and Triska asked Weiner if they could ride on the golf cart to either reach the command center, the medical area, or get as close as possible to Noghrey's cabin. (*Id*.) Noghrey claims that Weiner was operating the golf cart while intoxicated. (*Id*. at ¶ 23; ECF No. 21-2 at 3.)
>
> Between approximately 1:20 a.m. and 2:00 a.m. on September 16, 2023, Weiner made a right turn and Noghrey allegedly fell out of the golf cart and hit her head on the pavement, rendering her unconscious. (Compl. ¶ 23.) Noghrey's claim alleges that she was rushed to the hospital where she stayed under 24-hour care for nearly a month before she was discharged. (*Id*.) Noghrey claims she has sustained permanent injuries as a result of the incident. (*Id*.)
>
> Noghrey claims that Defendant owed Noghrey a heightened duty standard of care because of her intoxicated state. (Compl. ¶ 24.) Noghrey further claims Defendant breached its heightened duty because Defendant's employees failed to ensure Noghrey's safety after they placed her in the golf cart. (*Id*.)

(Doc. 23 at 2–3.)

Plaintiff alleges there is no coverage for Ms. Noghrey's underlying claim because: (1) coverage under the commercial general liability part of the Master Policy is precluded by the liquor liability and auto exclusions applicable to that part of the Policy (Compl. ¶ 27); (2) the professional liability coverage part of the Master Policy does not apply because the alleged damages are not because of an act, error, or omission committed in the rendering of or failure to render "professional services" (*id.* at ¶ 28); and/or (3) coverage under the professional liability part of the Master Policy is precluded by the separate liquor liability and auto exclusions applicable that part of the Policy (*id.* at ¶ 29).

Because Defendant failed to respond to the complaint, Plaintiff filed a motion for default judgment on January 23, 2025. (Doc. 15.) Following hearings related to the motion and

2

supplemental briefing, the magistrate judge issued findings and recommendations on August 25, 2025 recommending that Plaintiff's motion for default judgment be granted in part and denied in part. (Doc. 23.) The magistrate judge found that Plaintiff demonstrated the merits of its claim for declaratory relief that it has no obligation to indemnify or defend Defendant with respect to Ms. Noghrey's underlying claim because coverage under the commercial general liability part of the Master Policy is precluded by the liquor liability exclusion. (*Id.* at 16-17.) However, the magistrate judge found that Plaintiff failed to demonstrate the merits of its claim that it has no obligation to indemnify or defend Defendant with respect to the Noghrey claim under (1) the auto exclusion of the commercial liability coverage; (2) the professional liability coverage part of the Master Policy generally; (3) or the liquor liability and auto exclusions applicable to the professional liability coverage. (*Id.* at 17-21.)

The Court served the findings and recommendations and notified the parties that any objections were due within 14 days. (Doc. 23 at 24-25.) Alternatively, the magistrate judge advised Plaintiff that if it "instead elect[ed] to file a motion to amend its complaint, the Court will evaluate the motion, and, if appropriate, vacate these findings and recommendations." (*Id*. at 25.) On September 9, 2025, Plaintiff filed objections to the magistrate judge's findings. (Doc. 25.) Defendant did not file objections or a response and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. It its objections, Plaintiff contends that Findings and Recommendations are internally inconsistent because the magistrate judge (1) concluded that Plaintiff <u>successfully demonstrated</u> it has no obligation to indemnify or defend Defendant under the Master Policy's commercial general liability coverage because of the liquor liability exclusion applicable to that coverage; while (2) simultaneously concluding that Plaintiff had <u>not demonstrated</u> it has no obligation to indemnify or defend Defendant under the professional liability coverage's own, independent liquor liability exclusion. (*See generally* Doc. 25.) Plaintiff argues that the latter's liquor liability exclusion is "substantially identical, if not broader than," the former. (*Id*. at 11.) Not so—at least not in a key respect relevant to this lawsuit.

3

As the magistrate judge explained, the general liability coverage's liquor liability exclusion provides, in pertinent part, that the insurance does not apply to:

> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> (1) causing or contributing to the intoxication of any person, including causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on your premises, for consumption on your premises;
>
> (2) the furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or (3) any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in:
>
> (a) the supervision, hiring, employment, training or monitoring of others by that Insured; or
>
> (b) **providing or failing to provide transportation with respect to any person that may be under the influence of alcohol**;

(Doc. 1-1 at 103 (emphasis added).) The magistrate judge correctly explained that this exclusionary language applies not only to any claim brought by Ms. Noghrey in connection with the provision of alcohol to her, but also to any claim premised upon Defendant's provision of transportation to her while she was in an intoxicated state. (Doc. 23 at 16–17.)[1]

---

[1] Plaintiff suggests the magistrate judge found that whether Defendant "was negligent in transporting Noghrey in the golf cart is immaterial to whether the exclusion applies." (Doc. 25 at 14.) Plaintiff provides no pin cite for that assertion and the Court cannot readily identify any such holding in the Findings and Recommendations. As to the liquor liability exclusion in the commercial liability coverage part, the magistrate judge reasoned:

> [T]he Court finds Plaintiff has sufficiently alleged that Noghrey's negligence claim is precluded by the liquor liability exclusion. Such exclusion applies even if Noghrey's claims against Defendant "allege negligence or other wrongdoing in…providing…transportation with respect to any person that may be under the influence of alcohol" if the "occurrence" involved "bodily injury" "by reason of" "causing or contributing to the intoxication of any person because alcoholic beverages were permitted to be brought on [the insured's] premises, for consumption on [the insured's] premises." (Compl. ¶ 13 (quoting ECF No. 1-1 at 103).) Noghrey's negligence claim is premised on the contention that Defendant owed her a heightened duty and standard of care "because of her intoxicated state," (Compl. ¶ 24), which was caused and contributed by Defendant furnishing and serving alcohol for a charge at its Festival. Although Noghrey's claim against Defendant alleges negligence in "failing to ensure Noghrey's safety after [Defendant's employees] placed her in the golf cart" while providing transportation, the liquor liability exclusion still applies. (Compl. ¶ 24; see also ECF No. 21-2 at 4 (demanding policy limits because "the heightened duty that was owed to Ms. Noghrey was breached because the Sum Of Us employees did not take the time to assure that Ms. Noghrey was properly secured in the cart while transporting her.") (Emphasis added).) Thus, Plaintiff sufficiently alleges that the liquor liability exclusion under the commercial general liability

4

The professional liability coverage contains the following liquor liability exclusion, which provides that the insurance does not apply to any:

> e. "Damages" because of any liability by reason of:
>
> (1) causing or contributing to the intoxication of any person;
>
> (2) furnishing alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or
>
> (3) any statute, ordinance, or regulation relating to the sale, gift, distribution, or use of alcoholic beverages….

(Doc. 1-1 at 84.) Crucially, the professional liability coverage's liquor liability exclusion does not contain any language clarifying that the exclusion applies to the provision or failure to provide transportation to an intoxicated person. Because of that omission, it is not clear—at least not from the allegations in the Complaint—that all of Ms. Noghrey's underlying claims would fall within the scope of the professional liability coverage part's liquor liability exclusion. Put another way, as the magistrate judge explained: "the complaint as alleged fails to provide factual allegations linking the underlying claim and the alleged coverage exclusions" in the professional liability coverage part of the Policy. (Doc. 23 at 20.) Plaintiff appears to gloss over the import of the distinctions between the two liquor liability provisions at issue, distinctions that the magistrate judge plainly noticed and relied upon.[2]

The Court further finds that Findings and Recommendations are otherwise correct. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated August 25, 2025 (Doc. 23) are **ADOPTED**.

2. Plaintiff's motion for default judgment (Doc. 15) is **GRANTED** in part.

---

coverage part of the Master Policy bars coverage for the Noghrey claim.

(Doc. 23 at 17 (emphasis added).) Notably, in reaching this conclusion, the magistrate judge quoted the distinct language of the general liability coverage's liquor liability exclusion, namely the language that clarifies that the exclusion applies to "providing or failing to provide transportation with respect to any person that may be under the influence of alcohol."

[2] For this reason, the Court declines to address Plaintiff's unsupported objection that the Findings and Recommendations fail to "explain why the professional liability coverage part's liquor liability exclusion would not preclude coverage." (Doc. 25 at 14.)

5

3. Default judgment shall be entered in favor of Plaintiff and against Defendant as follows:

   a. The Court **DECLARES** that, by reason of the liquor liability exclusion to the commercial general liability coverage part of the Master Policy, Plaintiff has no duty to indemnify or defend Defendant in connection with the underlying third-party liability claim.

   b. The remaining aspects of the motion for default judgment are **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

Dated:   **September 30, 2025**

_UNITED STATES DISTRICT JUDGE_